PER CURIAM:
This claim was submitted for decision based upon the allegations in the Notice of Claim and respondent’s Answer. Claimant seeks $111,304.31 for providing care and custody of respondent’s female inmates at the Federal Correctional Institute at Alderson, West Virginia. Respondent, in its Answer, admits the validity of the claim, but further states that there were insufficient funds remaining in its appropriation for the fiscal year in question from which the claim could be paid.
Claimant also seeks $7,047.90 as interest accrued on the obligation. The agreement between the parties states, in part, “5. ... [bjills not paid by the due date will be considered overdue and a late charge will be computed and applied at a percentage rate published quarterly by the U.S. Department of Treasury.” W.Va. Code §14-2-12 states, in part, “. . . [i]n determining the amount of a claim, interest shall not be allowed unless the claim is based upon a contract which specifically provides for the payment of interest.” The Court finds that this claim falls under the purview of that section, and that the interest is owed on the obligation.
*192 While this is a claim which in equity and good conscience should be paid, the Court finds that an award cannot be made based upon the decision in Airkem Sales & Service, et al. vs. Dept. of Mental Health, 8 Ct.CL. 180 (1971). The claim is, therefore, denied.
Claim disallowed.